Linda Deos (State Bar No. 179170
Law Office of Linda Deos
770 L Street, Suite 950
Sacramento, CA 95814
Telephone:   (916)442-4442
Deoslawyer@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDE DARRIN,<br><br>             Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA, N.A.,<br><br>             Defendant. | Case No. 2:12-cv-00228-MCE-KJN<br><br>Assigned to the Honorable<br>Morrison C. England, Jr.<br><br>**STIPULATED PROTECTIVE ORDER BETWEEN NON-PARTY EXPERIAN INFORMATION SOLUTIONS, INC., PLAINTIFF, and DEFENDANT REGARDING CONFIDENTIAL INFORMATION PRODUCED BY NON-PARTY EXPERIAN INFORMATION SOLUTIONS** |

IT IS HEREBY STIPULATED by and between Plaintiff Jude Darrin, Defendant Bank of America, N.A. ("BOA"), and non-party Experian Information Solutions, Inc. ("Experian"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by Experian to the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to Experian and/or personal income, credit and other confidential information of Plaintiff.

WHEREAS, Experian is not a party to this action and may not have notice of how and when its confidential documents and information are used;

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given by Experian in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Experian may designate documents and materials produced in this action and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If Experian believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm if particular documents it designates as "Confidential" are disclosed to parties or non-parties to this action, Experian may designate those particular documents as "Confidential— Attorneys' Eyes Only."

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or Confidential—Attorneys Eyes Only and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of Civil Local Rule 141.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom which reveals specific confidential information present in the documents, transcripts or materials (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of Experian or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in, or derived from any such materials which reveals specific confidential information present in the documents, transcripts or materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses at deposition or trial

subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (e) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7.   Except with the prior written consent of Experian or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys Eyes Only" treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A; (b) Experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8.   Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 7(b) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached Declaration of Compliance.

9.   All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined

from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10.   Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only.  However, Experian may, at or before the time of trial, seek an Order of the Court to restrict access to particular documents or testimony in the trial of this Litigation.  In accordance with Civil Local Rule 281(b)(11), the party designating as a trial exhibit (for any purpose) "Confidential" or "Confidential—Attorneys' Eyes Only" documents or information (e.g., deposition testimony) received from Experian shall also notify Experian that its "Confidential" or "Confidential—Attorneys' Eyes Only" information may be received by the Court at trial without the protections of this Protective Order.  Such notice must take place no later than the deadline stated for the exchange of exhibits by the parties to this case.  Within 14 days after receiving such notice, Experian may submit a motion to the Court asking that the Court receive certain or all of its "Confidential" or "Confidential—Attorneys' Eyes Only" documents or information as trial exhibits under seal.

11.   This Order has been agreed to by Experian and the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential—Attorneys' Eyes Only" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12.   Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Experian agrees

otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Within sixty (60) days after the final disposition of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be destroyed or returned to Experian.

13.   In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the party and Experian shall first try to resolve such dispute in good faith on an informal basis in accordance with Civil Local Rule 251.  If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court.  During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

14.   The burden of persuasion in any challenge proceeding shall be on Experian.  Frivolous challenges and those made for an improper purpose (*e.g.* to harass or to impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  Unless Experian has waived the confidentiality designation by failing to oppose a motion challenging confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under Experian's designation until the court rules on the challenge.

1

2   The Court retains the right to allow disclosure of any subject covered by this
3   stipulation or to modify this stipulation at any time in the interest of justice.

4   Dated:  June _6, 2013               JONES DAY

5

6

7                                      By: *s/Sarah G. Conway*
                                           Sarah G. Conway

8                                      Attorneys for Non-Party
                                       EXPERIAN INFORMATION
9                                      SOLUTIONS, INC.

10  Dated:  June  6, 2013              LAW OFFICE OF LINDA DEOS
11

12
                                       By: *s/Linda Deos*
13                                         Linda Deos

14                                     Attorneys for Plaintiff
                                       JUDE DARRIN
15

16  Dated:  June  6, 2013              MCQUIRE WOODS, LLP

17

18                                     By: *s/Blake S. Olsen*
                                           BLAKE S. Olsen
19
                                       Attorneys for Defendant
20                                     BANK OF AMERICA, N.A.

21  IT IS SO ORDERED.

22  **Date:  6/11/2013**

23                                     _____
                                       KENDALL J. NEWMAN
24                                     UNITED STATES MAGISTRATE JUDGE

25

26

27

28

# EXHIBIT A

# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.
2. My present employer is _____.
3. My present occupation or job description is _____.
4. I have received a copy of the Stipulated Protective order entered in this action on _____, 20___.
5. I have carefully read and understand the provisions of this Stipulated Protective order.
6. I will comply with all provisions of this Stipulated Protective order.
7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective order.
8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.
9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

//
//
//

1
2   10.   I hereby submit to the jurisdiction of this Court for the purposes of
3 enforcing the Stipulated Protective order in this Action.
4   I declare under penalty of perjury under the laws of the United States that the
5 following is true and correct.
6   Executed this ____ day of _____, 2009 at _____.
7
8                                              _____
9                                              QUALIFIED PERSON
LAI-3192844
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1