MCGUIREWOODS LLP
TRACY E. MOYER SBN #243212
(tmoyer@mcguirewoods.com)
LAURA E. COOMBE SBN #260663
(lcoombe@mcguirewoods.com)
1800 Century Park East
8th Floor
Los Angeles, CA  90067
Telephone: 310.315.8200
Facsimile: 310.315.8210

Attorney for Defendant
Bank of America, N.A.

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDE DARRIN, individually, and on behalf of the general public,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC., & TRANS UNION LLC,<br><br>　　　　　　　Defendants. | Case No. 2:12-cv-00228-MCE-KJN<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Complaint Filed:　January 28, 2012<br>FAC Filed:　　　July 24, 2012<br>SAC Filed:　　　November 12, 2012<br><br>Trial Date:　　　October 14, 2014 |

38464724.1

1

STIPULATION AND PROTECTIVE ORDER

1   IT IS HEREBY STIPULATED by and between Plaintiff Jude Darrin
2   ("Plaintiff" or "Darrin") and Defendant Bank of America, N.A. ("Defendant" or
3   "BANA"), through their respective attorneys of record, as follows:
4   WHEREAS, documents, testimony and information have been and may be
5   sought, produced or exhibited by and among the parties relating to trade secrets,
6   proprietary systems, confidential commercial information, confidential applicant or
7   employee information, confidential research and development, or other proprietary
8   information belonging to Defendants or third parties and/or credit, personal and
9   other confidential information belonging to Defendants or third parties and/or other
10  confidential information of Plaintiff.
11  THEREFORE, an Order of this Court protecting such confidential
12  information shall be and hereby is made by this Court on the following terms:
13  1.   This Order shall govern the use, handling, and disclosure of all
14  documents, testimony or information produced or given in this action that are
15  designated to be subject to this Order in accordance with the terms herein.
16  2.   Any documents, testimony or information submitted, either voluntarily
17  or pursuant to any subsequent order, which is asserted in good faith by the
18  producing party or by any other party to contain or constitute information protected
19  by Federal Rule of Civil Procedure 26(c)(1)(G) or other provision of law, shall be so
20  designated in writing, or orally at a deposition, hearing or trial and shall be
21  segregated from other information being submitted.  Materials so designated shall be
22  clearly marked on their face with the legend:  "CONFIDENTIAL" or
23  "CONFIDENTIAL-ATTORNEY'S EYES ONLY."  Such documents, transcripts, or
24  other materials are referred herein as "CONFIDENTIAL MATERIALS" and
25  "CONFIDENTIAL-AEO MATERIALS," respectively.
26
27
28

3.      A party wishing to designate portions of a deposition transcript CONFIDENTIAL or CONFIDENTIAL-AEO pursuant to this Order must, within five (5) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround.  The designating party may designate those portions of the transcript CONFIDENTIAL or CONFIDENTIAL-AEO, in accordance with paragraph 2 of this Order.  The designating party shall designate such CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation.  The designating party must serve such Notice within ten (10) calendar days after its counsel receives a copy of the deposition transcript.  All transcripts for timely ordered depositions will be treated as CONFIDENTIAL-AEO MATERIAL until the expiration of the ten-day period described in this paragraph.  Any portions of a transcript designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL shall thereafter be treated as CONFIDENTIAL MATERIAL or CONFIDENTIAL-AEO MATERIAL in accordance with this Order.  The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4.      All CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS, and all information derived therefrom (including but not limited to all testimony, deposition or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the discovery, and/or the preparation and trial of this action in accordance with this Order.

5.      The Parties agree that CONFIDENTIAL MATERIALS and CONFIDENTIAL-AEO MATERIALS produced in discovery in this case shall not be used, be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings absent agreement of counsel or Order of the Court.

6.      Subject to paragraph 10, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties, their attorneys of record, and those attorneys' support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts or consulting experts and their staff employed for this litigation; (iv) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure with the exception of documents that refer to actions taken or not taken by the former employee during his or her employment, that refer to documents or computer file records regarding the handling of Plaintiff's credit file during his or her time of employment, or refer to related policies and procedures of BANA at the time of his or her employment); (v) any governmental agency, governmental office, or other person formally requesting such information or documents by subpoena or civil investigative demand ("CID"), provided that the designating party shall be given notice of the subpoena or demand within three (3) days of the receipt of the subpoena or demand, and that within three (3) days of that notice, the designating party shall inform the receiving party whether it intends to object to or move to quash the subpoena or demand, and in the event an objection or motion is filed with the appropriate court or agency, no such production shall be made by the receiving party until the court or agency has ruled on the objection or

1  motion; and (vi) the Court, Court personnel, and members of any jury impaneled to
2  hear this case.

3         7.    Subject to paragraph 10, CONFIDENTIAL MATERIALS shall not be
4  disclosed to any person designated in paragraph 6(iii) unless he or she has executed
5  a written, dated declaration in the form attached as **Exhibit A**, acknowledging that
6  he or she has first read this Order, agreed to be bound by the terms thereof, agreed
7  not to reveal such CONFIDENTIAL MATERIALS to anyone, and agreed to utilize
8  such CONFIDENTIAL MATERIALS solely for the purposes of this litigation.  All
9  persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby
10 enjoined from disclosing same to any other person except as provided in this Order,
11 and are also enjoined from using same except in the preparation for and trial of this
12 case between the named parties thereto.

13        8.    No person receiving or reviewing CONFIDENTIAL MATERIALS
14 shall disseminate or disclose them to any person other than those described above in
15 paragraph 6 and for the purposes specified, and in no event shall such person make
16 any other use of such CONFIDENTIAL MATERIALS.

17        9.    Subject to paragraph 10, in the absence of prior written permission
18 from designating party or an order by the Court CONFIDENTIAL-AEO
19 MATERIALS shall not be disclosed to any person other than counsel of record in
20 this case or as provided in paragraph 6(v) of this Order until the notice provisions
21 have run for the producing party.  All persons to whom CONFIDENTIAL-AEO
22 MATERIALS are disclosed are hereby enjoined from disclosing same to any other
23 person except as provided in this Order, and are also enjoined from using same
24 except in the preparation for and trial of this case between the named parties thereto.
25 No person receiving or reviewing CONFIDENTIAL-AEO MATERIALS shall
26 disseminate or disclose them to any person other than counsel of record in this case
27 or as provided in paragraph 6(v) of this Order until the notice provisions have run

28

for the producing party and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL-AEO MATERIALS.

10.   In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally.  If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for fifteen (15) days after such notice.  The designating party shall have the right to move the Court for a Protective Order in order to retain the designated status of such materials.  If the designating party files such a motion within the fifteen-day period, the receiving party shall continue to retain the materials as CONFIDENTIAL or CONFIDENTIAL-AEO, consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

11.   Subject to paragraph 10, unless a filing party intends to file the CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS under seal in accordance with Local Rule 141, any party seeking to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court must contact the designating party two (2) days prior to such filing to: (i) provide the designating party with notice that it seeks to file CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS shall file such material in accordance with Local Rule 141(a) and (b).

The designating party shall file a Motion to File Under Seal simultaneously with the other party's filing and within five (5) days thereafter shall file a supporting memorandum that complies with the requirements of Local Rule 141(b).  The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules and this Order.

12.    The production or disclosure during discovery of an attorney-client privileged, work product, confidential, or other protected document or information medium ("Protected Material") shall not be deemed a waiver of privilege, work product, confidentiality, or other protection or immunity from discovery by the designating party provided that such production or disclosure would not operate as a waiver according to the principles set forth in Federal Rule of Evidence 502 and the associated case law.  Upon notice by the designating party that Protected Material was produced or disclosed, all recipients of the Protected Material shall promptly return, sequester, or destroy the Protected Material and any copies it has and shall not use it (or information in it) in any litigation, not permit it to be copied, distributed or otherwise disclosed to any person until the matter of its production or disclosure is resolved either amicably by the parties, or by Order of the Court.  *See* Fed. R. Civ. P. 26(b)(5)(B).

13.    Subject to paragraph 10, within sixty (60) days after the conclusion of this case, upon written request, the parties shall assemble and return to the designating party all materials containing CONFIDENTIAL MATERIALS and/or CONFIDENTIAL-AEO MATERIALS (with the exception of pleadings, transcripts, and drafts of pleadings filed with the Court, which the receiving party may retain but shall continue to treat as CONFIDENTIAL MATERIALS or CONFIDENTIAL-AEO MATERIALS as provided in this Order).  The receiving party may elect to destroy such materials rather than return them, in which case the party shall provide

1   written verification that the materials, including any summaries, extracts,

2   compilations, notes, or other attorney work product containing CONFIDENTIAL

3   MATERIALS and/or CONFIDENTIAL-AEO MATERIALS (with the exception of

4   pleadings, transcripts, and drafts of pleadings filed with the Court, have been

5   destroyed.

6         14.    This Order shall remain binding after the conclusion of this case unless

7   otherwise ordered by the Court, and the Court shall retain jurisdiction over all

8   parties bound hereby for the purposes of enforcing this Order.  Each individual

9   signing the acknowledgment attached as **Exhibit A** agrees to be subject to the

10   jurisdiction of this Court for purposes of this Order.

11         15.    Neither the entry of this Order, nor the designation of any material as

12   "CONFIDENTIAL" or "CONFIDENTIAL-AEO," nor the failure to make such

13   designation, shall constitute evidence or an admission on any issue in this case.  The

14   designation of any materials as "CONFIDENTIAL" or "CONFIDENTIAL-AEO"

15   does not waive that party's objection to any discovery on the ground that it seeks

16   information protected by Federal Rule of Civil Procedure 26(c) or other provision of

17   law.

18         16.    This Order does not prevent any party from seeking to seal trial

19   transcripts and/or trial exhibits, including documents previously filed under seal.

20         17.    Nothing herein shall affect or restrict the rights of any party with

21   respect to its own documents or to the information obtained or developed

22   independently of materials afforded confidential treatment pursuant to this Order.

23

24

25   ///

26   ///

27   ///

28

STIPULATION AND PROTECTIVE ORDER

18.     Third parties who are the subject of discovery requests, subpoenas or depositions in this case may take advantage of the provisions of this Order by providing Plaintiff and Defendants with written notice that they intend to comply with and be bound by the terms of this Order.

**IT IS SO STIPULATED.**

Respectfully submitted,


DATED:     September 30, 2013          LAW OFFICE OF LINDA DEOS


                                            _____/s/ Linda Deos_____

                                            Linda Deos


DATED:     September 30, 2013          MCGUIREWOODS, LLP



                                            _____/s/ Laura E. Coombe_____

                                            Tracy E. Moyer

                                            Laura E. Coombe

STIPULATION AND PROTECTIVE ORDER

1    IT IS SO ORDERED, except to the extent that paragraph 11 contains procedural

2    requirements and/or deadlines that conflict with Local Rule 141, in which case the

3    procedures/deadlines of Local Rule 141 shall govern.  Additionally, the court will

4    not retain jurisdiction over the enforcement of the stipulated protective order after

5    termination of the action.  See E.D. Cal. L.R. 141.1(f).  Furthermore, nothing in this

6    order limits the testimony of parties or non-parties, or the use of certain documents,

7    at any court hearing or trial.  Such determinations will only be made by the court at

8    the hearing or trial, or upon an appropriate motion.

9    Dated:  October 3, 2013

10

11                             KENDALL J. NEWMAN
                                   UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

STIPULATION AND PROTECTIVE ORDER

## DECLARATION OF _____ UNDER STIPULATED PROTECTIVE ORDER

1.    I, _____, am over the age of 18 and am (an expert / staff employed by expert _____) retained in the matter entitled *Jude Darrin v. Bank of America, N.A., Experian Information Solutions, Inc., Equifax Information Services, LLC, & Trans Union LLC*, Case No. 2:12-cv-00228, pending in the United States District Court, Eastern District of California before the Honorable Morrison C. England, Jr.  I make this declaration on my own personal knowledge and, if called to testify, I could and would do so competently.

2.    My address is _____.

3.    My present employer is _____.

4.    My present occupation or job description is _____ _____ _____.

5.    I hereby declare that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-captioned matter; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

6.    I will comply with all of the provisions of the Protective Order.  I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order.  I will not use any Confidential Material disclosed to me for any purposes other than this case.

7.    I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by whom I am retained or employed, or from whom I received such material.

12
STIPULATION AND PROTECTIVE ORDER

8.      I hereby submit to the jurisdiction of the United States District Court, Eastern District of California for the purpose of enforcement of the Protective Order in this case.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed _____, at _____.


_____

13
STIPULATION AND PROTECTIVE ORDER

1

## <u>CERTIFICATE OF SERVICE</u>

2

3          I hereby certify that on September 30, 2013, I electronically filed the

4    foregoing **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** with

5    the Clerk of the Court using the CM/ECF system and served a copy of same upon all

6    counsel of record via the Court's electronic filing system.

7                                                                        By: <u>/s/ Laura E. Coombe</u>

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER