UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDE DARRIN, individually, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES LLC., & TRANS UNION LLC.,<br><br>Defendants. | No. 2:12-cv-00228-MCE-KJN<br><br><br><br>**ORDER** |

Plaintiff Jude Darrin ("Plaintiff") moves to set aside the June 17, 2014 Order entering judgment against him and in favor of Defendants Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC ("collectively "Defendants") on various grounds, including mistake, inadvertence, or excusable neglect under Federal Rule of Civil Procedure Rule 60(b).  Because this Court finds that Plaintiff is indeed entitled to relief based on a Rule 60(b) excusable argument alone, it will not address Plaintiff's remaining arguments.

On May 13, 2014, this Court signed a Memorandum and Order granting Plaintiff leave to file an amended complaint "within 20 days from the date of the date of [the] Memorandum and Order."  ECF No. 95, 14:25-15:2.  The Order was docketed and filed

the following day, May 14, 2014.  Plaintiff thereafter filed his Third Amended Complaint on June 3, 2014, exactly 20 days after the aforementioned Memorandum and Order was filed but 21 days after it was signed.

On June 13, 2014, defense counsel submitted an administrative request that the action be dismisssed because the Third Amended Complaint should have been filed within 20 days following the date the Memorandum and Order was signed, or by June 2, 2014, one day before the Third Amended Complaint was in fact submitted.  On June 16, 2014, by way of Minute Order, this court dismissed the action on grounds the Third Amended Complaint was untimely filed (ECF No. 99).  Judgment was entered accordingly the following day, June 17, 2014, and, as indicated above, Plaintiff now seeks to set aside that judgment.

According to Plaintiff's counsel, Linda D. Deos, she in good faith believed that the "date of the Order" language contained in the Court's Memorandum and Order filed May 14, 2014 referred to the filed date rather than the date of signature.  In addition, Plaintiff's counsel points to Ninth Circuit authority finding that the date of entry, rather than the date an order is signed, is normally the critical date within which to assess timeliness.  See, e.g., Calhoun v. United States, 647 F.2d 6, 8 (9th Cir. 1981).  The bottom line is that it was not patently unreasonable for Plaintiff's counsel to construe the Memorandum and Order in the way she did.

In assessing whether excusable neglect is present, the United States Supreme Court recognizes that "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  Pioneer Investment Services Co. v. Brunswick Associates, 507 U.S. 380, 395 (1993).

These so-called Pioneer factors weigh in favor of finding excusable neglect under the circumstances confronted herein.  Given the fact that the delay in filing the Complaint

2

1 was only some 18 hours, any claim of prejudice here is far-fetched.  Moreover, as
2 indicated above, Plaintiff counsel's interpretation of the Court's deadline was not per se
3 unreasonable.  Nor is there any evidence of bad faith.  Consequently, the Court finds
4 that Plaintiff's excusable neglect argument is well-taken, and that the judgment against
5 Plaintiff should therefore be set aside.

   Plaintiff's Motion to Vacate Judgment (ECF No. 101) is therefore GRANTED.[1]
Plaintiff is nonetheless admonished to scrupulously adhere to this Court's orders in the future as the case progresses, and to err on the side of caution should any question arise with respect to deadlines or any other requirement imposed by the Court during the continued pendency of this litigation.

   The Clerk of Court is directed to reactivate this matter as an open file.  Plaintiff's Third Amended Complaint is deemed filed as of June 3, 2014.  Defendants shall file a responsive pleading to said Third Amended Complaint not later than twenty (20) days following the date this Order is electronically filed.

   IT IS SO ORDERED.

Dated:  July 22, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 230(g).